Carmen DE SAN MIGUEL,
Plaintiff, Appellant,

v.

Fausto Olano SBERT et al.,
Defendants, Appellees.

No. 79–1155.

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1979.

Decided Dec. 28, 1979.

Jesus Hernandez Sanchez, San Juan, P. R., on brief, for plaintiff, appellant.

Justo Gorbea Varona, Asst. Sol. Gen., San Juan, P. R., with whom Hector A. Colon-Cruz, Sol. Gen., San Juan, P. R., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, WYZANSKI, Senior District Judge.*

PER CURIAM.

This appeal is from a judgment of involuntary dismissal (in the form of granting defendant's motion for non-suit) of plaintiff's § 1983 claim that she had been discharged from her governmental position as Executive Secretary I "without proper opportunity for a hearing nor formulation of charges."

Her claim stems from the same face-slapping incident which so occupied the district court and ourselves in *San Miguel v. Blanco Lugo*, 560 F.2d 34 (1st Cir. 1977). While that appeal was from a one week suspension without pay, this appeal challenges defendant's failure to grant a second leave without pay. Countless docket entries, a

* Of the District of Massachusetts, sitting by designation.

two day hearing by the district court, and the three volume record filed in this court attest to yet another exhaustive exploitation of judicial resources to rectify what the district court has held to be a non-existent wrong. We affirm that court's decision for the reasons it relied on and content ourselves here with a skeleton outline of our reasoning.

After much irrelevant history, we understand that plaintiff's sick leave expired on March 26, 1976 and she had been told to communicate with defendant. She did, on April 3, 1976, and asked for leave without pay. She was granted such leave until May 26, 1976. At this point, plaintiff began to determine her fate by inaction in response to repeated invitations by defendant to communicate her intentions. On May 25, 1976, a day before her status of leave without pay expired, she was told by letter to get in touch with the Personnel Division about her return to duty. There was no response. On June 15, 1976, she was told that her leave without pay had been "due" since May 26 and that agency rules required that she communicate with the agency to determine her employment status.

On June 21, 1976, plaintiff wrote that she continued under treatment and wished to "be oriented in relation to the alternatives . . . in regards to my status as employee." She did not, as she had earlier done on April 3, ask for further leave without pay. Defendant replied on July 7, discussing the considerations making the grant of leave without pay a significant agency decision, giving detailed information concerning filing and supporting a request for such leave, and requiring plaintiff to get in touch with the agency within the next five days. Nine days later, on July 16, plaintiff replied that the agency had not been responsive, that she had sent the forms she deemed necessary, and that she intended to return to duty as soon as her doctors deemed her able. On August 25, defendant replied, rehearsing much of the above, not-

ing that since May 27 plaintiff had been in a period of unauthorized absences and declaring her position vacant.

Assuming that plaintiff's interest in further leave without pay is sufficiently clear to constitute a protectible property right,[1] we see the only interference with such right to be plaintiff's own intransigent refusal to make a request or at least an inquiry. To the extent that plaintiff feels she should have been granted an interview she has only herself to blame, having refused all invitations to communicate. As for the argument that no request for leave should have been necessary because of the requirement that a job must be reserved for an injured employee for one year from date of injury, it suffices to say that the job was not declared vacant until well over a year had passed.

*Affirmed.*

---

1. Plaintiff asserts that the district court overlooked her claim of a liberty interest, based on her view of her dismissal letter of August 25 as a stigma. A wholly neutral recounting of what had happened, ending with a wish for "success in your future endeavors", the letter is as free from stigma as any letter of dismissal can be.